## CLEVELAND & SANDUSKY CO v CLEVELAND RAILWAY CO

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10704. Decided May 19, 1930

Rocker & Schwartz, Cleveland, for Cleveland Sandusky Co.

Squire, Sanders & Dempsey, Cleveland, for Railway Co.

### VICKERY, PJ.

Now the negligence claimed on the part of the plaintiff below was that. the Fulton Road car started on a red light when traffic was against it and in favor of the Bridge Avenue line, and this was the theory upon which the case was tried.

There is much conflict in the record as to which is right. There is evidence of a passenger and the motorman on the Fulton Avenue line and perhaps the conductor and maybe others, that the signal was green when it started to go across Bridge Avenue.

The facts would seem to indicate that, inasmuch as perhaps Fulton Road is narrower than Bridge Avenue—although there is nothing in the record upon this question —before the Bridge Avenue car got to the southbound track it stopped and pushing ahead of it was the truck. The Fulton Road car must-have traveled from where it stopped north of the cross walk across the space between the cross walk and the west bound track, across the west bound track, the devil strip, and had got on to the east bound Bridge Avenue line; so it must have gone very much farther than the truck had gone.

Now had it not been for the street railway car on the Bridge Avenue line, the driver of the motor truck could plainly have seen the car on the Fulton line; but apparently his view was hidden by the street car along the side of which, he was passing, but that street car stopped. Whether it was to let the Fulton car pass or whether the lights had been turned against it, does not seem to be very material, because it was the duty of the driver of the truck upon the stopping of this street car to have held his truck under control. He knew, or should have known, that something might be ahead of him, and he went right on regardless and came in contact with the Fulton Road car.

Now there is a clear dispute as to which had the right of way. If there ever was a case where there was a conflict of evidence

on the question of whether the plaintiff had a right to recover or the defendant had a right to recover upon its counterclaim, it is this case; and the court, sitting as a jury, heard all the evidence and came to the conclusion that there was a conflict of the evidence as to the right of the plaintiff to recover, and there was likewise a conflict as to the right of the defendant below, defendant in error here, to recover upon its counterclaim, and so found against both and entered a general verdict against the plaintiff.

We cannot say, on reviewing this record, that the court was so manifestly wrong in his conclusions that a reviewing court, which does not have the witnesses before it, which cannot very well measure or weigh their testimony,—I say, we cannot consistently reverse this judgment.

The defendant in error not prosecuting error on a cross petition, the only question before us is whether the court was right in rendering a judgment against the plaintiff, and it being purely a question of the weight of the evidence and there being such a conflict that the trial court was in a better position to weigh it than we, we can do no other, under the rules established for reviewing courts, than to affirm the judgment. It will, therefore, be affirmed.

Sullivan and Levine, JJ., concur.